## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| **KRISTIE BROOKS and** | ) | |
| **LATOYA T. ROSS, KENETRIA L.** | ) | |
| **ROSS AND DESHAWN M.** | ) | |
| **WILLIAMS, as ADMISTRATOR OF** | ) | |
| **THE ESTATE FOR EDDIE ROSS,** | ) | **CIVIL ACTION** |
| | ) | **FILE NO.: _____** |
| **Plaintiffs,** | ) | |
| **vs.** | ) | |
| | ) | **JURY DEMAND** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### COMPLAINT

COMES NOW, Plaintiffs, Kristie Brooks and Latoya T. Ross, Kenetria L. Ross

and Deshawn M. Williams as Administrator of the estate for Eddie Ross (hereinafter

"Plaintiff), by and through Robert A. Falanga, Esq., undersigned counsel, and files

this Complaint in the above-entitled cause of action and respectfully shows unto this

Honorable Court the following, to wit:

### PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff's are individuals and residents of Cobb County, Georgia.  Plaintiffs

Latoya T. Ross, Kenetria L. Ross and Deshawn M. Williams are the joint

Administrators for the estate of Eddie Ross, deceased, as duly appointed by the Cobb

-1-

County Probate Court with duly issued letters of administration attached hereto as Exhibit "A".

2.

Defendant, United States of America, is the proper defendant in this action pursuant to 28 U.S.C. §1346. The United States of America can be served through the United States Attorney Ryan K. Buchanan at 75 Ted Turner Drive ,S.W., Suite 600, Atlanta, Georgia 30303 and the Attorney General Merrick B. Garland at 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530.

3.

Jurisdiction and venue are proper in this Honorable Court.

**PROCEDURAL**

4.

The Plaintiff pursuant to 28 U.S.C. § 2675 presented a timely and proper administrative claim to the United States Justice Department on June 11, 2019.

5.

The United States Marshall Office , by and through the United States Justice Department replied to the Plaintiff's Standard Form 95 demand and Plaintiff is treating the denial within six months as a final denial of Plaintiff's claims. The denial letters are attached hereto and incorporated herein as Exhibit "B".

## FACTS

6.

This personal injury action arises from a motor vehicle collision which occurred on November 20, 2017, where Plaintiffs, through no fault of their own, sustained property damage and bodily injuries caused by Defendant's United States Marshall Service vehicle colliding into the Plaintiff's vehicle. This automobile collision occurred on Monday, November 20, 2017 on Pearl Street at its intersection with W Atlanta Street in Cobb County, Georgia. Ms. Brooks and Mr. Ross' injuries were caused as a direct result of the negligence of your U.S. Marshall Service employee, Mr. Alexis Camacho-Berrios, when he crossed over the center line and struck Mr. Ross' vehicle.

7.

The United States Marshall Service vehicle involved in this collision was being driven by Mr. Alexis Camacho-Berrios, a United States Marshall Service employee, who was in the scope of his employment when this collision occurred on November 20, 2017.

8.

According to the investigating Cobb County police officer, both vehicles received substantial property damage.

-3-

9.

Cobb County Police Department Officer Bartlett, the investigating police officer who investigated the collision, documented that Mr. Alexis Camacho-Berrios actions in crossing over the center line was the proximate cause of the collision.

## NEGLIGENCE

10.

Plaintiff re-alleges and incorporates by reference all those facts and allegations in paragraphs one (1) through nine (9) above and further alleges:

11.

Mr. Alexis Camacho-Berrios breached his duty of reasonable care by crossing over the center line of the roadway which caused the subject collision on November 20, 2017.

12.

Plaintiff's collision was caused by the negligence per se of Mr. Alexis Camacho-Berrios for the herein above-stated acts and omissions of Defendant in failing to maintain his lane of traffic in violation of Georgia law.

## DAMAGES

13.

-4-

Plaintiff re-alleges and incorporates by reference all those facts and allegations in paragraphs one (1) through twelve (12) above and further alleges:

14.

As a direct, sole, and proximate result of the carelessness, negligence, and negligence per se of Mr. Alexis Camacho-Berrios, Plaintiffs suffered serious, painful, and permanent bodily injuries, great physical pain and mental anguish, severe emotional distress, and loss of the capacity for the enjoyment of life.

15.

As a direct, sole, and proximate result of the negligence and negligence per se of Mr. Alexis Camacho-Berrios, Plaintiff Kristie Brooks has received medical care and treatment resulting in reasonable and customary medical bills of $113,273.00 to alleviate said injuries, pain, and suffering. As a direct, sole, and proximate result of the negligence and negligence per se of Mr. Alexis Camacho-Berrios, Plaintiff Eddie Ross, prior to his death, has received medical care and treatment resulting in reasonable and customary medical bills of $2,620.00 to alleviate said injuries, pain, and suffering.

16.

As a direct, sole, and proximate result of the carelessness, negligence, and negligence per se of Mr. Alexis Camacho-Berrios, Plaintiff Kristie Brooks is in need of

and will incur future medical costs and expenses for additional medical care, treatment, and examination to alleviate her injuries, pain, and suffering.

17.

As a direct, sole, and proximate result of the carelessness, negligence, and negligence per se of Mr. Alexis Camacho-Berrios,  Plaintiff Kristie Brooks has and will be precluded from engaging in normal activities and pursuits, including a loss of the ability to earn money and actual earnings.

18.

As a direct, sole, and proximate result Mr. Alexis Camacho-Berrios negligence and negligence per se of Mr. Alexis Camacho-Berrios, Plaintiff Kristie Brooks has otherwise suffered pain and suffering and interruption of her daily living activities. As a direct, sole, and proximate result Mr. Alexis Camacho-Berrios negligence and negligence per se of Mr. Alexis Camacho-Berrios, Plaintiff Eddie Ross, prior to his death, has otherwise suffered pain and suffering and interruption of his daily living activities.

19.

Plaintiff's injuries, damages, and losses were, are, and will be due solely to and by reason of the carelessness, negligence, and negligence per se of Mr. Alexis Camacho-Berrios, without any negligence or want of due care on the Plaintiffs' part

contributing thereto.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request trial by jury before this Honorable Court and to enter judgment for the Plaintiff for the following relief:

(a)     That Defendant be found liable for carelessness, negligence, and negligence per se.

(b)     That Plaintiffs be awarded an amount for their special damages and general damages and any other damages the jury sees fit.

(c)     That Plaintiffs be awarded any and all additional relief that this Honorable Court deems just, proper, and reasonable in this action.

This 10th day of October, 2022.

Respectfully Submitted,


 /S/ Robert A. Falanga, Esq.
Georgia State Bar No. 254400
Attorney for Plaintiffs
Law Offices of Falanga & Chalker
11200 Atlantis Place, Suite C
Alpharetta, Georgia 30022
Telephone: (770) 955-0006
Fax: (770) 955-2123
Email: Robert@FalangaLaw.com